IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY JOHNSON  :
    Petitioner,  :
  :  CIVIL ACTION NO. 06-CV-200
v.  :  CRIMINAL NO. 02-CR-758
  :
UNITED STATES OF AMERICA  :
    Respondent.  :
  :

FILED
APR 1 1 2008
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM AND ORDER

Tucker, J.                                                                April 9, 2008

      Petitioner Anthony Johnson appeals his sentence of seventy-one (71) months imprisonment under 28 U.S.C. §2255. When imposing a sentence, a District Court must give "meaningful consideration" to the Section 3553(a) factors. In determining reasonableness, the sentence is affirmed "as long as it is within the statutorily prescribed range...and [the sentence] is reasonable." United States v. Cooper, 437 F.3d 324, 327 (3d Cir. 2006). After reviewing the record, the sentence is affirmed.

      Anthony Johnson was convicted by a jury of conspiracy to commit interstate transportation of stolen goods, in violation of 18 U.S.C. § 371 He was also found guilty of interstate transportation of stolen goods and aiding and abetting the interstate transportation, in violation of 18 U.S.C. §2314. The Court sentenced him to seventy-one (71) months imprisonment. He appealed his sentence and conviction. On appeal, the Third Circuit affirmed his conviction and remanded for re-sentencing in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). On remand, the Court imposed the same sentence of seventy-one (71) months imprisonment. This appeal followed.

      Petitioner argues that the imposition of the same seventy-one (71) months sentence was

unreasonable because the Court failed to consider his post-sentencing incarceration record of rehabilitation. Johnson argues that because he has been in custody, he has been a "model prisoner," working in prison and taking part in academic programs. At the re-sentencing hearing, the Court considered the relevant factors, including the Mr. Johnson's criminal history, need for rehabilitation, need for punishment, need for deterrence and protection of the community. Specifically, the District Court considered Johnson's extensive criminal history since the age of fourteen (14), his involvement in crimes in numerous states and the nature of his crimes, including thefts and robberies. The Court is satisfied that discretion under 18 U.S.C. §3553(a) was exercised in imposing the same seventy-one (71) month sentence after finding that the sentence met all the factors.

It has been held that except in unusual cases, a Defendant's post-sentence rehabilitation efforts following a Booker remand should not affect the sentence. United States v. Lloyd, 469 F.3d 319, 324 (3d Cir. 2006). In Lloyd, it was held that sentencing courts should consider only conduct and circumstances in existence at the time of the original sentencing during re-sentencing–not the post-sentencing rehabilitation efforts. Id. During the re-sentencing hearing, the Court recognized and commended Johnson's rehabilitative efforts stating:

> I commend you for using the facilities where you are now to [try] to better yourself. That's what its all about...I don't want you to think that by not reducing [the sentence] at this point, I am not giving you credit for what you have done, because you are supposed to be doing those things. App. 21-22.

Accordingly, the Court determines that there was no an error on its part in refusing to reduce Johnson's sentence in light of his rehabilitation while incarcerated. For the foregoing reasons, the sentence is affirmed. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY JOHNSON
    Petitioner,

v.

UNITED STATES OF AMERICA
    Respondent.

CIVIL ACTION NO. 06-CV-200
CRIMINAL NO. 02-CR-758

**FILED**
APR 1 1 2008
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### ORDER

AND NOW, this 9th day of April, 2008, **IT IS HEREBY ORDERED AND DECREED** that Petitioner Anthony Johnson's Motion to Vacate/Set Aside/Correct Sentence Under 28 U.S.C. § 2255 (Doc. 95) is **DENIED**.

BY THE COURT:

_Petrese B. Tucker_
Hon. Petrese B. Tucker, U.S.D.J.

XC: MAILED
A. JOHNSON